IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DAVID TOM, individually and on behalf of all others similarly situated, | : : CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | : **COMPLAINT – CLASS ACTION** |
| US SOLAR QUOTES LLC D/B/A US SOLAR CONNECT, | : : **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff DAVID TOM (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those

persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. Tom also alleges that Defendant used automated systems to make telemarketing calls from and into Florida, and that by doing so, Defendant has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

5. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiff David Tom is an individual located in the Middle District of Florida, in Brevard County.

8. Defendant US Solar Quotes LLC d/b/a US Solar Connect, is a St. Petersburg, FL, Pinellas County based solar company that uses illegal telemarketing calls to solicit business in this District.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court has supplemental jurisdiction over the state law claims since they relate to the same telemarketing campaign.

10. This Court has general personal jurisdiction over US Solar because it has its principal place of business in this State.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

The Enactment of the TCPA and its Regulations

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone

4

subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

17. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

18. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message

when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

19.A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

20.Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

21.Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

22.Plaintiff Tom is also a "person" as the term is defined by 47 U.S.C. § 153(39).

23.At no point has the Plaintiff consented to receive telemarketing calls from the Defendant regarding the sale of goods or services, including solar services, prior to receiving the automated calls at issue.

Calls to Plaintiff

24.Mr. Tom's residential telephone number is (321) XXX-XXXX.

25. That telephone number is a residential telephone line used by Mr. Tom for personal calls and for personal, family, and household use.

26. The telephone number is a residential number because it is assigned to a telephone exchange service for consumers, not a telephone exchange service for businesses.

27. That telephone number is not associated with a business.

28. Mr. Tom registered his residential telephone number on the National Do Not Call Registry for more than a year prior to the calls at issue, and it has remained on the Registry since that time.

29. Despite that, Mr. Tom received at least 5 automated calls from the caller ID 321-478-4284.

30. These calls originated using a SHAKEN/SITIR "A" attestation, indicating that the subscriber identity was verified by the telephone carrier and that the calls were not spoofed.

31. The first such call occurred on August 9, 2024, which was missed.

32. The second such call occurred on August 12, 2024, and started with silence. The Plaintiff said "Hello?" multiple times before the call was disconnected on the remote end after 18 seconds.

33. This indicates that an automated system was used to place the calls, as it would be illogical for a human to call someone, stay on the line for 18 seconds, say nothing, and then disconnect the call.

34. Thinking the call may be important, the Plaintiff called the 321-478-4284 number back.

35. When the Plaintiff called the number back, he was connected to an individual who confirmed they were calling from the Defendant and to sell him solar panels.

36. Thereafter, the Plaintiff received three additional calls, one on August 14, 2024, and two on August 16, 2024 from the same caller ID, and after he had requested the calls to stop.

37. The Plaintiff also contacted the Defendant in an effort to ascertain the source of the calls and see why he was receiving illegal automated calls.

38. In response, the Defendant claimed that it did not place any calls to Mr. Tom and that Mr. Tom called the Defendant as an initial matter. This assertion is flatly contradicted by Mr. Tom's own telephone records.

39. When Mr. Tom brought this to the Defendant's attention, he received the following response:



**LEGAL NOTICE** Aug 20
to me

DAVID TOM

THIS IS NOTICE TO IMMEDIATELY CEASE AND DESIST ANY AND ALL COMMUNICATIONS WITH US SOLAR CONNECT. THIS INCLUDES ALL EMPLOYEES, AFFILIATES, CONTRACTORS, ETC.

YOU HAVE CAUSED DAMAGES BY YOUR MESSAGES AND PHONE CALLS. WE WILL PERSUE YOU PERSONALLY FOR THESE DAMAGES.

FUTHER, IF YOU PURSUE LITIGATION AGAINST THIS COMPANY AND ARE PROVEN TO NOT BE ACCURATE IN YOUR ASSERTIONS, IT WILL CAUSE DAMAGES. WE WILL PERSUE YOU FOR THESE DAMAGES WHICH WE ACCURATELY ESTIMATE AT THIS TIME TO BE $1,000,000 PER OFFENSE.

We recommend you govern yourself accordingly, Mr. Tom.

US SOLAR CONNECT LEGAL DEPARTMENT

40. Plaintiff never consented to receive calls from Defendant.

41. Plaintiff never did business with the Defendant.

42. Based on the foregoing, it is evident that Defendant mass-dial calls indiscriminately, including to numbers on the Do Not Call Registry.

43. Plaintiff's privacy has been violated by the above-described telemarketing calls.

44. Plaintiff never provided his consent or requested these calls.

45. The aforementioned calls to the Plaintiff were unwanted.

46. The calls were non-consensual encounters.

47. In fact, the Plaintiff requested multiple times throughout various of the calls that the calls stop, but they did not stop.

48. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

50. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call from Defendant made from or into Florida regarding solar goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

51. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes as he has no interests that conflict with any of the class members.

52. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

53. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

54. This Class Action Complaint seeks injunctive relief and money damages.

55. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

56. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

57. The joinder of all Class members is impracticable due to the size of the Classes and relatively modest value of each individual claim.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

59. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) Whether the Defendant used automatic equipment as defined by Florida law to send telemarketing calls;
>
> (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA or FTSA; and
>
> (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

60. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

61. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this

action on behalf of the other members of the Classes and have the financial resources to do so.

62. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

63. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

64. Plaintiff incorporates the allegations in paragraphs 1-63 as if fully set forth herein.

65. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the Class delivering automated messages.

66. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an

13

award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

67. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

68. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION

**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

69. Plaintiff repeats and incorporates the allegations set forth in the paragraphs 1-63 as if fully set forth herein.

70. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

71. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a

connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

72. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

73. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

74. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

75. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

76. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising goods or services, except for emergency purposes, using a automated means in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

C. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation as their actual damages for violations of the FTSA, together with fees and costs of suit; and

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

E. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: September 11, 2024

PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel