IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

DAVID TOM, individually and on
Behalf of all others similarly situated,

CIVIL CASE NO.: 6:24-cv-01647-JSS-RMN

Plaintiff,

v.

US SOLAR QUOTES LLC D/B/A US
SOLAR CONNECT,

Defendant.

_____________________________/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW** Defendant, **US SOLAR QUOTES LLC D/B/A US SOLAR CONNECT** ("Defendant"), by and through the undersigned counsel, moves to dismiss Plaintiff's Amended Complaint (Doc. 18; "Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6), as it fails to state a cause of action and it also fails to plead the requisite elements of his claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the Florida Telephone Solicitation Act, Section 501.059, Florida Statutes (the "FTSA"). Accordingly, the Complaint must be dismissed.

## BACKGROUND

1. Plaintiff David Tom ("Tom or Plaintiff"), an Individual, filed an Amended Complaint (Doc. 18) pursuant to Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c)(5) and §501.059, Florida Statutes, the Florida Telephone Solicitation Act ("FTSA").

2. The basis of the lawsuit seeks declaratory and injunctive relief based upon the allegations of certain text messages, phone calls and/or emails allegedly received by the Plaintiff from the Defendants.

3. Plaintiff has not attached any exhibits to his Complaint to support his allegations that he has received unwanted telephone contact in violation of the Federal and state statutes referenced therein or that there is any evidence the call was from an "automated pre-recorded message".

4. Plaintiff's first count is an alleged violation of the TCPA by the Defendant

5. Plaintiff's second count is an alleged violation of the FTSA by the Defendant

6. However, Plaintiff's Complaint is a pleading that procedurally fails to comply with Federal rules for its construction and fails substantively to establish the facts necessary to state a cause of action under either the TCPA or the FTSA and therefore warrants dismissal with prejudice.

## LEGAL STANDARD

If a pleading is to survive a motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). The claim brought forth should only be considered facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id*. The Plaintiff must set forth "more than a sheer possibility that a defendant has acted unlawfully" to satisfy the plausibility standard. *Id*.

While the rules do not require nor is a plaintiff obligated to plead factual allegations in detail, "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must "include factual allegations for each essential element of his or her claim." GeorgiaCarry.Org, Inc. v. Georgia, 687 F. 3d 1244, 1254 (11th Cir. 2012). Plaintiff's allegations must be well-founded, as a recitation of "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F. 3d 1333, 1337 (11th Cir. 2012).

When determining whether a party has standing to bring a federal claim, federal courts refer to Article III of the United States Constitution, which provides

that only actual cases or controversies may be considered. Article III of the United States Constitution limits the jurisdiction of the federal courts to the consideration of cases and controversies. Mingkid v. U.S. Atty. Gen., 468 F. 3d 763, 768 (11th Cir. 2006). A plaintiff does not automatically satisfy this requirement "whenever a statute grants [the plaintiff] a statutory right and purports to authorize [the plaintiff] to sue to vindicate that right". Trichell v. Midland Credit Mgmt, Inc., 964 F. 3d 990, 997 (11th Cir. 2020).

## MEMORANDUM OF LAW

### I. Plaintiff' Lacks Standing

The Plaintiff has brought this cause of action seeking declaratory relief, injunctive relief and damages against the Defendant. The basis of his claim is alleged unwanted telephone contact from an "automated pre-recorded message" by the Defendant. Plaintiff's actions in this case are voluntary and were carried out in a way to attempt to create causes of action against the Defendant. Plaintiff alleges he received a call on his phone from "321-478-4284". (Doc. 18, ¶29). Plaintiff then alleges he "believes and therefore avers that the subscriber of record for the 321-478-4284 number is the Defendant, or someone the Defendant hired to make calls on its behalf." (Doc. 18, ¶34). However, Plaintiff does not specifically state how he confirmed that the phone number was in fact from Defendant other than an

individual confirmed they were calling from Defendant[1], and does not conclusively state that this number is from an "automated pre-recorded message" and further states that the telephone number is registered to Commio" (Doc. 18, ¶35). "Commio" is not a named Defendant in this matter nor does Plaintiff allege that "Commio" is associated with Defendant other than that a future subpoena will reveal the subscriber of record for the telephone number 321-478-4284. (Doc. 18, ¶37)

Plaintiff then complains he received three additional calls in furtherance of the initial contact after Plaintiff contacted the Defendant. Plaintiff then states that "Defendant claimed that it did not place any calls to Mr. Tom and that Mr. Tom called the Defendant as an initial matter" and that "this assertion is flatly contradicted by Mr. Tom's own telephone records." (although no telephone records are attached, only a cutoff phone log from Plaintiff). (Doc. 18, ¶57). Plaintiff then alleges the phone calls were unlawful and that the contact was not consensual. (Doc. 18, ¶62). Plaintiff's allegations of harm then all funnel down from the initial contact that Plaintiff further encouraged in order to "investigate" the call.

The court in Murphy v. DCI Biologicals Orlando, LLC, 797 F. 3d 1302, 1305-06 (11th Cir. 2015) provided the following analysis:

---

[1] The number proffered by Plaintiff is not registered to Defendant, nor has Plaintiff provided any evidence to support if this number belongs to Defendant as there are no phone records attached to the Complaint.

Pursuant to its rulemaking authority, the FCC defined "prior express consent" in its initial rulemaking following the TCPA's passage. *See* 1992 FCC Order, 7 FCC Rcd. At 8769. The FCC stated that "persons who knowingly release their phone numbers have in effect given their invitation and permission to be called at the number which they have given, absent instructions to the contrary." *Id* at 8769. It explained that "telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached." *Id*. Referencing the House Report on the TCPA as support for this interpretation, the FCC noted that when a person provides his or her telephone number, calls to that number are permissible because "the called party has in essence requested the contact by providing the caller with their telephone number for use in normal business communications." *Id* at 8769 n. 57(quoting H.R. Rep. No. 102-317 at 13 (1991)). The fact that the Plaintiff has pled that he encouraged additional contact by providing not only his telephone number, but later even provided an email address (Doc. 1, ¶58). The Plaintiff has failed to properly allege that he as Article III standing to bring this matter before this Court and as such, the Complaint must be dismissed.

**II. Plaintiff Fails to State a Cause of Action in Count I and II**

Plaintiff has filed a two count Complaint against defendant. The Complaint contains several pages of "Facts" but the causes of action pled fail to contain the necessary elements for the cause pled. Plaintiff fails to allege with any specificity

how the Defendants violated the TCPA. Plaintiff simply realleges four pages of "Facts" into Count 1, states he was injured and claims damages. Plaintiff does the same thing for Count II. A pleading that "contain[s] a mechanical recitation of the elements of the cause of action, and, in particular, only conclusory allegations. . . is insufficient to withstand a motion to dismiss." Est. of Cox by & through Smith v. Marcus & Millichap, Inc., 2022 WL 1448611 (M.D. Fla. May 9, 2020). See also Cooper v. City of Starke, Fla., 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011)(dismissing claim because plaintiff's "general allegation" of a statutory violation was "insufficient to satisfy the standards of *Twombly* and *Iqbal*").

Plaintiff in Doc. 18, ¶24 states that Mr. Tom's residential telephone number is (321) XXX-XXXX. If the court takes this allegation as true, then Mr. Tom's telephone number has 7 x's in it which cannot be possible. Mr. Tom's phone number is important to establish a. whether this number is a consumer phone number as opposed to commercial and b. whether Defendant ever actually dialed this number.

Here, the Plaintiff also fails to support his conclusory allegation that the Defendant used an "automated prerecorded message" (Doc. 1, ¶31) or was contacted by an "automated system" (Doc. 18, ¶40). In fact, Plaintiff states that the calls were placed using an automated system, but they did not play pre-recorded messages. (Doc. 18, ¶30). Further, Plaintiff does not state the actual name of the system, as well as how it is programmed other than a speculative belief that needs to be

determined with subpoenas and discovery. It is not proper for a Court to assume a Plaintiff can prove facts which he has not alleged. Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

The Plaintiff claims "the first such call occurred on August 9, 2024, which was missed" (Doc. 18, ¶38) that the second such call occurred on August 12, 2024, and started with silence. The Plaintiff said "Hello?" multiple times before the call was disconnected on the remote end after 18 seconds." (Doc. 18, ¶39). Plaintiff then makes a speculative allegation that "This indicates that an automated system was used to place the calls, as it would be illogical for a human to call someone, stay on the line for 18 seconds, say nothing, and then disconnect the call." (Doc. 18, ¶40). This is not a well pled fact that this Court can take as true as the Plaintiff does not even know if this is true, but merely making speculations based on alleged behavior by someone that called him. As such, Defendant's claims fail as a matter of law.

## III. CONCLUSION

This is a poorly constructed pleading that fails to allege properly a cause of action under either the TCPA or the FSTA. The Plaintiff simply lumps together a story of intentional acts on his part to create a cause of action where none had previously existed.

The Plaintiff fails to state with any specificity the actual elements for a cause of action under the TCPA or the FSTA; he just alleges they exist, makes speculative allegations and the Defendants violated them, and he is entitled to damages. The Plaintiff lumps together the alleged conduct of the Defendants without pleading with any specificity how their individual actions may have caused Plaintiff harm. To the contrary, the Plaintiff fails to allege any harm, besides a claim for damages that he solely created by his own conduct.

The Complaint fails to satisfy the necessary elements to establish that Plaintiff has standing to bring this lawsuit. Similarly, lacking standing prevents this Court from obtaining subject matter jurisdiction over the case and it must be dismissed. Even if the Court were to find standing on behalf of the Plaintiff, the Complaint fails to state a cause of action against the Defendants as pled and that requires dismissal as well.

**LOCAL RULE 3.01(g) CERTIFICATION**

Movant hereby certifies that Movant has conferred with the opposing party in this matter and the parties do not agree on resolution of all the motion.

Respectfully, the Defendant requests this Court dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction and failure to state a cause of action.

Dated: November 8, 2024

**ATTORNEYS JUSTIN CLARK**
**& ASSOCIATES, PLLC**
Attorney for Defendant
500 Winderley Place, Suite 100
Maitland, FL 32751
Telephone: 321-282-1055
Facsimile: 321-282-1051
**E-service: notice@youhavepower.com**

By: */s/ Justin R. Clark*
Justin R. Clark, Esquire
Florida Bar No.: 829471
jclark@youhavepower.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I further certify thatthe foregoing document is being served this date on all counsel of record or *pro se* parties on the Service List below, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Justin R. Clark*
Justin R. Clark, Esquire
Florida Bar No.: 829471
jclark@youhavepower.com